UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

IRENE BRAGG,

    Plaintiff,

v.

BROWARD CUSTOM KITCHENS, INC.
a Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, IRENE BRAGG ("Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendant, BROWARD CUSTOM KITCHENS, INC. ("KITCHENS" or "Defendant"), and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), 26 U.S.C. § 7434(a), the Florida Minimum Wage Act ("FMWA"), and Florida Common Law.

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Broward County. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an inside sales person, the responsibilities of which entailed greeting customers and ascertaining their preferences; creating sales proposals including determining pricing and making drawings; writing up orders for the factory; filling out paperwork for any necessary permits required, etc. Plaintiff was therefore, an employee as defined by 29 U.S.C. § 203(e).

6. Defendant, KITCHENS, is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. KITCHENS has its principal place of business in Pompano Beach, Florida. Defendant, KITCHENS has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. KITCHENS is a company which sells custom kitchens to the public.

8. At all times relevant hereto, Defendant was a covered employer under the 29 U.S.C. § 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or that had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. At all times material to this Complaint, Defendant, KITCHENS, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

10. Defendant, KITCHENS, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

11. Plaintiff worked for Defendant for over thirteen (13) years until she was terminated and separated from Defendant around the end of October of 2019.

12. During her entire thirteen (13) employment, Plaintiff was misclassified as an Independent Contractor and received a 1099-MISC every year.

13. Plaintiff was actually an employee because the manner in which she was to perform her work was dictated by Defendant.

14. Defendant controlled the hours Plaintiff worked and the process she used to sell Defendant's goods and services.

15. Plaintiff signed contracts as an agent of and on behalf of Defendant.

16. Defendant provided Plaintiff with all of the equipment she used to do her work including proving an office with a computer on Defendant's premises and providing and paying for Plaintiff's cellphone.

17. Defendant also covered all of expenses Plaintiff incurred such as shipping expenses.

18. Plaintiff was hired for an indefinite period of time and not hired on a project by project basis or for a set time period.

19. Plaintiff's work was an essential function of Defendant's business as Plaintiff's job was to sell the Defendant's goods and services. Without sales, Defendant would not be able to stay in business.

20. The manner of Plaintiff's separation (termination) is consistent with an employee/employer relationship and not one of an independent contractor.

21. Plaintiff was an employee covered by the FLSA in that she was employed by Defendant as an inside sales representative. She is, therefore, an "employee" under 29 U.S.C. §203(e).

22. Moreover, Plaintiff was a non-exempt employee predicated upon the fact that her only form of remuneration was commissions, and the commissions did not always meet the requirements under Section 7(i) to qualify for an exemption.

23. Specifically, Plaintiff's commissions paid did not exceed one and one half times Florida's minimum wage for every hour worked in every workweek during which Plaintiff worked overtime.

24. As such, Plaintiff was a non-exempt employee and subject to the payroll practices and procedures set forth hereinafter.

25. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

26. During the entirety of Plaintiff's employment with Defendant, Plaintiff worked an average of approximately forty-five (45) to fifty (50) hours per week but Plaintiff was not properly paid overtime for the hours worked over forty (40) in a work-week.

27. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

28. Defendant failed to properly compensate Plaintiff at one-and-one half times her regular rate of pay for all hours worked in excess of forty (40) hours per week.

29. Plaintiff's only compensation was in the form of commissions paid at a rate of twenty (20) percent of the profits from Plaintiff's sales. Commissions could be paid out to Plaintiff at two different stages of the sale and were not on a set recurring basis. The first commission payment would be due when Defendant received the initial deposit from the customer, and could comprise up to fifty (50) percent of Plaintiff's total anticipated commission for the sale. The remaining portion of Plaintiff's commission would to be paid out upon receipt of final payment for the sale, and then only after an accounting had been made to ascertain the exact profit. This process often caused a delay of several weeks and/or months.

30. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

31. Defendant had knowledge of the hours worked in excess of forty (40) hours per week by Plaintiff for the benefit of the Defendant, but Defendant nonetheless willfully failed to compensate Plaintiff at one-and-one half times her regular rate of pay as required by the FLSA.

32. Defendant failed to maintain accurate records of all the actual start times, actual stop times, hours worked each day, and total hours worked each week by Plaintiff.

33. The complete records concerning the compensation actually paid to Plaintiff are in the possession, custody, and/or control of Defendant.

34. Defendant failed to review Plaintiff's compensation to make sure it met the requirements of Section 7(i) and therefore, failed to properly substantiate that Plaintiff maintained her exemption for each pay period as required under the FLSA.

35. Further, Defendant has not properly paid Plaintiff all her commissions that are due. Specifically, Defendant failed to pay Plaintiff's commission in the amount of $7,931.00 that was due for various products sold in 2019.

36. Plaintiff worked for Defendant until approximately the end of October 2019 but her last commission payment was received at the end of July 2019.

37. Therefore, Plaintiff worked about three months without any compensation whatsoever in violation of the FLSA and the FMWA.

38. On or about November 4, 2019, Defendant issued a commissions check no. 13400 in the amount of $3,308.00 made payable to the Plaintiff; however, the check was mailed to an incorrect entity/address and Defendant refused to reissue the check to Plaintiff upon discovering the error.

39. Despite numerous attempts by Plaintiff to obtain the unpaid commissions from Defendant, Plaintiff has yet to receive any of the compensation owed to her.

40. Moreover, Defendant issued a 1099-MISC for 2019 which included wages for the $3,308.00 that Plaintiff did not receive.

41. Therefore, Plaintiff was required to pay taxes on wages that she did not receive.

42. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

43. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

44. Plaintiff re-alleges and re-aver paragraphs 1 – 43 as fully set forth herein.

45. During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

46. During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately forty-five (45) to fifty (50) hours per week.

47. Plaintiff was only paid commissions and never overtime.

48. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee.

49. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

50. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

51. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

52. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff, IRENE BRAGG, demands judgment for:

    a.    Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

    b.    Interest on the amount found due;

    c.    Liquidated damages;

    d.    Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e.    Such other relief as the Court deems just and proper.

## COUNT II: UNPAID WAGES

53. Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

54. Throughout her employment, Plaintiff and Defendant entered into an oral agreement whereby Plaintiff was to perform services as an inside sales representative in exchange for payment from Defendant.

55. According to the oral agreement, Defendant agreed to pay Plaintiff commissions for all sales she made on behalf of Defendant.

56. Pursuant to the agreement between Plaintiff and Defendant, Defendant agreed to pay Plaintiff 20% of the profits for any sales she made.

57. Plaintiff earned a commission in the amount of $7,931.00 for products sold.

58. Defendant has failed to pay Plaintiff's $7,931.00 commission on the products Plaintiff sold.

59. As a result of Defendant's failure to compensate Plaintiff properly, she has suffered monetary damages.

WHEREFORE, Plaintiff, IRENE BRAGG, requests judgment for:

    a.    Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

    b.    Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

    c.    Such other relief as the Court deems just and proper.

## COUNT III:  VIOLATION OF THE FMWA

60.    Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

61.    On July 13, 2020, Plaintiff sent a Demand to Defendant for her unpaid wages pursuant to Fla. Stat. §448.110(6)(2).

62.    Plaintiff worked for Defendant from approximately the end of July until the end of October 2019 but did not receive any compensation in any form.

63.    Defendant knew that Plaintiff performed services for its benefit, but refused to compensate Plaintiff properly.

64.    Defendant willfully violated the FMWA by failing to compensate Plaintiff properly for work performed while Defendant employed Plaintiff, Plaintiff is therefore entitled to liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1).

WHEREFORE, Plaintiff, IRENE BRAGG, requests judgment for:

    a.    Unpaid wages to be determined by the Court;

    b.    Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

    c.    Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. §448.110(6)(c)(1); and

    d.    Such other relief as the court deems just and proper.

## COUNT IV:  VIOLATION OF 26 U.S.C. § 7434(a)
## (WILLFUL FILING OF FRAUDULENT INFORMATION RETURN)

65. Plaintiff re-alleges and re-avers paragraphs 1 – 43 as fully set forth herein.

66. Plaintiff worked for Defendant for over thirteen (13) years and was classified as an independent contractor.

67. Plaintiff was issued a form 1099-MISC for every year in which she worked for Defendant.

68. A Form 1099-MISC is considered an information return as defined under the law.

69. However, Plaintiff was not an independent contractor in that, *inter alia*:

   a. She was hired for an indefinite period of time;

   b. Defendant fully controlled the manner in which Plaintiff work including setting her work schedules;

   c. Defendant provided and expected Plaintiff to use their equipment to do her work such as providing her an office, computer, cell phone, etc.;

   d. Plaintiff signed contracts as an agent of and on behalf of Defendant;

   e. Defendant covered Plaintiff's expenses;

   f. Plaintiff was paid directly and not through a corporation; and

   g. Plaintiff was terminated by Defendant.

70. Defendant should have issued Plaintiff a form W-2 and should have withheld Plaintiff's taxes as required by the Internal Revenue Service.

71. At all relevant times, Defendant knew that Plaintiff was not properly classified as an independent contractor because it dictated to Plaintiff the manner in which she was to perform her job and, in an effort to avoid paying taxes, willfully issued Plaintiff a 1099-MISC.

72. Plaintiff discovered that she was misclassified as an independent contractor and wrongfully issued Form 1099-MISC by Defendant in January 2021, when she spoke with her counsel.

73. This claim is filed within (1) year of discovery and therefore, Plaintiff is owed all damages from 2006 through the present in accordance with 26 U.S.C § 7434(c).

74. Moreover, Defendant issued Plaintiff a 1099-MISC that reported $3,308.00 in wages that Plaintiff never received.

75. Defendant is liable to Plaintiff for an amount equal to the greater of $5,000 or the sum of her actual damages, the costs of filing this action, and reasonable attorney's fees under 26 U.S.C § 7434(c).

WHEREFORE, Plaintiff, IRENE BRAGG, requests judgment for:

    a. The greater of $5,000 or the sum of actual damages, costs and attorney's fees; and

    b. Such other relief as the court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, IRENE BRAGG, hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: January 15, 2021.

                                        **LAW OFFICES OF CHARLES EISS, P.L.**
                                        Attorneys for Plaintiff
                                        7951 SW 6th Street, Suite 112
                                        Plantation, Florida 33324
                                        (954) 914-7890 (Telephone)
                                        (855) 423-5298 (Facsimile)

                         By:    **/s/ Charles Eiss**
                                        CHARLES M. EISS, Esq.
                                        Fla. Bar #612073

chuck@icelawfirm.com
Shanna Wall, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com

12